UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAGANPREET SINGH a/k/a GAGANPREET SINGH LNU,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM; PAMELA BONDI; TODD LYONS; LAURA HERMOSILLO; and BRUCE SCOTT,<br><br>Respondents. | C26-0253 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 5. Having reviewed all papers filed in support of, and in opposition to, the petition, including respondents' return and related declarations, docket nos. 7–9, petitioner's traverse, docket no. 11, and the materials filed in response to the Minute Order entered February 18, 2026, docket no. 12, namely, respondents' supplemental evidence, docket no. 13, and petitioner's and respondents' supplemental briefs, docket nos. 14 and 15, the Court enters the following Order.

**Background**

Petitioner Gaganpreet Singh, also known as Gaganpreet Singh Lnu, is a citizen of India who entered the United States without inspection in May 2024. *See* Am. Pet. at

ORDER - 1

1  ¶¶ 19–20 (docket no. 5); Melendez Decl. at ¶ 3 (docket no. 8).  He was apprehended and

2  released the following day on an Order of Release on Recognizance ("OREC").  *See*

3  Melendez Decl. at ¶¶ 3–5 (docket no. 8).  According to petitioner, he complied with the

4  conditions of the OREC and attended every required check-in with U.S. Immigration and

5  Customs Enforcement ("ICE").  Am. Pet. at ¶ 22 (docket no. 5).  In contrast, respondents

6  assert that petitioner had multiple Alternative to Detention ("ATD") Program violations,

7  that, as a result, the ATD vendor terminated petitioner from the ATD Program, and that

8  petitioner has missed at least one scheduled virtual office visit.  Melendez Decl. at ¶ 7

9  (docket no. 8).

10       On December 17, 2025, petitioner crossed the border between the United States

11  and Canada on foot and attempted to get into an awaiting vehicle.  *See* Am. Pet. at ¶ 23

12  (docket no. 5).  When Royal Canadian Mounted Police approached the vehicle, petitioner

13  and his companion fled and ran back into the United States.  *See id.*; Melendez Decl. at

14  ¶ 8 (docket no. 8); Ex. 1 to Van Daley Decl. (docket no. 9-1).  Their activities were

15  observed via live-feed camera systems, and after a search of a dense forest in Blaine,

16  Washington, which is commonly used for illegal border crossings, petitioner and his

17  companion were apprehended by U.S. Border Patrol agents.  Ex. 1 to Van Daley Decl.

18  (docket no. 9-1).  Since then, petitioner has been in custody at the Northwest ICE

19  Processing Center ("NWIPC").  *See* Melendez Decl. at ¶ 10 (docket no. 8).

20       On January 14, 2026, an immigration judge denied petitioner's request for release

21  on bond based on a determination that he is subject to mandatory detention pursuant to

22  Immigration and Nationality Act ("INA") § 235(b), codified as 8 U.S.C. § 1225(b).  *See*

23

ORDER - 2

1  Ex. A to Resp'ts' Supp. Evid. (docket no. 13-1); Melendez Decl. at ¶ 11 (docket no. 8).

2  Respondents have represented to the Court that no transcript of the bond hearing is

3  available because such hearings are generally not recorded, and that no written decision,

4  other than a check-box form of order, was prepared because no party appealed.  *See*

5  Resp'ts' Supp. Evid. (docket no. 13).  The check-box form of order indicates, however,

6  the immigration judge concluded, in the alternative to a mandatory-detention theory, that

7  bond would be denied because petitioner is a flight risk.[1]  *See* Ex. A to Resp'ts' Supp.

8  Evid. (docket no. 13-1).

9       Petitioner seeks *inter alia* release from the NWIPC via a writ of habeas corpus.

10  *See* Am. Pet. at 11–12 (docket no. 5).  He contends that his re-detention without prior

11  notice and a pre-deprivation hearing violated his due process rights.  *See id.* at ¶¶ 47–49.

12  He also argues that he is not subject to mandatory detention pursuant to INA § 235(b),

13  but rather is in custody under INA § 236(a), codified as 8 U.S.C. § 1226(a), and therefore

14  entitled to a bond hearing.  *See* Pet's Supp. Br. (docket no. 14).  Respondents reason that

15  INA § 235(b) applies because petitioner left the United States and arrived anew shortly

16  before being apprehended, and they observe that, to the extent INA § 236(a) governs,

17  petitioner has already had a bond hearing and was determined to be a flight risk.  Resp'ts'

18  Supp. Br. (docket no. 15).

---

[1] The immigration judge also checked a box that reads: "OTHER:  Conditional release is granted / denied / was not requested / under any conditions set by ICE/DHS [the U.S. Department of Homeland Security]."  Ex. A to Resp'ts' Supp. Evid. (docket no. 13-1).  This portion of the order, in which the applicable words were not circled or otherwise selected, is internally inconsistent and incomprehensible.

ORDER - 3

**Discussion**

Because petitioner has already had a bond hearing, the Court need not address whether he is held pursuant to INA § 235(b) or INA § 236(a).  Petitioner's counsel has overlooked the "Flight Risk" box checked on the immigration judge's order, see Pet.'s Supp. Br. at 6 (docket no. 14) (erroneously stating that bond was denied "solely on the premise that Petitioner was subject to mandatory detention under § 235"), and has not presented any cognizable challenge to the immigration judge's denial of bond on the basis of petitioner's flight risk.  Moreover, petitioner has not shown why any such request for judicial review of the bond determination should not be denied for failure to exhaust administrative remedies.  See Martinez v. Scott, No. 25-cv-1538, 2025 WL 2689844, at *4 (W.D. Wash. Aug. 27, 2025) (setting forth the standards for applying the prudential exhaustion doctrine), adopted, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

With respect to petitioner's claim that he was detained in violation of his due process rights, the cases on which petitioner relies are distinguishable.  See Am. Pet. at ¶¶ 30, 36, & 40 (docket no. 5) (referring to decisions concerning habeas petitioners who were detained after an immigration hearing or ICE check-in).  Petitioner has cited no authority for the proposition that, a non-citizen without lawful permanent resident status who exits the United States and then illegally re-enters the country is entitled to notice and a pre-deprivation hearing prior to arrest.  The three-part standard set forth in Mathews v. Eldridge, 424 U.S. 319 (1976), does not weigh in favor of such level of process; although petitioner has a protected liberty interest in not remaining in custody at NWIPC, given his observed attempt to flee Canadian authorities and his suspicious

ORDER - 4

presence in a wooded area not commonly used for "pedestrian foot traffic," see Ex. 1 to Van Daley Decl. (docket no. 9-1), the absence of pre-deprivation procedures did not create an unacceptably high risk of erroneous deprivation, and the governmental interest in petitioner's and his companion's detention without a hearing was significant. In these circumstances, due process did not require notice and a pre-deprivation hearing.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The amended petition for a writ of habeas corpus, docket no. 5, is DENIED.

(2) The Clerk is DIRECTED to enter judgment consistent with this Order and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of March, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 5